**BANKERS TRUST COMPANY, Trustee, et al., Appellants,**

v.

**Lewis D. FREEMAN, Trustee of New York, Ontario and Western Railway Company, Debtor, Appellee.**

No. 286, Docket 24437.

United States Court of Appeals
Second Circuit.

Submitted May 17, 1957.

Decided June 7, 1957.

White & Case, New York City (Jesse E. Waid and Herbert F. July, New York City, of counsel), for Bankers Trust Co., Trustee.

Satterlee, Browne & Cherbonnier, New York City (Mahlon Dickerson, New York City, of counsel), for Refunding Mortgage Bondholders' Protective Committee.

Nathaniel M. Sokolski, New York City, for Henry I. Cohen, a holder of Refunding Mortgage Bonds.

Willkie, Owen, Farr, Gallagher & Walton, New York City (Walter H. Brown, Jr., New York City, of counsel), for The New York Trust Co., Trustee.

Paul W. Williams, U. S. Atty., S. D. N. Y., New York City (Thomas B. Gilchrist, Jr., Chief Asst. U. S. Atty., and George M. Vetter, Jr., Asst. U.S. Atty.,

New York City, of counsel), for the United States.

No appearance or brief for Lewis D. Freeman, Trustee of the Debtor, appellee.

Before CLARK, Chief Judge, and SWAN and POPE, Circuit Judges.

PER CURIAM.

This is an appeal by secured creditors of this insolvent railroad system from an order holding that claims of creditors should be classified and priorities determined. These proceedings for the reorganization of the system have been pending for twenty years in the hope, which has proved more and more vain as time has passed, that the railroad might be saved. So the United States— an interested creditor for tax claims of around seven and a half million dollars— says: "Put plainly and bluntly, these proceedings should have been dismissed a decade ago." At any rate, the Interstate Commerce Commission on August 16, 1956, put a final quietus on the proceedings by refusing approval of all proposed plans of reorganization, finding no plan possible either now or in the foreseeable future, and recommending that the district court dismiss these proceedings.

 Against this background the decision on appeal for the classification of claims dated October 30, 1956, presents serious questions of jurisdiction and propriety. But we need not go into them because of later action below, of which we take judicial notice. Ira S. Bushey & Sons v. W. E. Hedger Transp. Corp., 2 Cir., 167 F.2d 9, certiorari denied W. E. Hedger Transp. Corp. v. Ira S. Bushey & Sons, 335 U.S. 816, 69 S.Ct. 36, 93 L.Ed. 371, and cases cited at 167 F.2d 12, note 2. On January 31, 1957, without taking action looking toward classification of claims, the court granted the several motions to dismiss pending before it and completely terminated the proceedings, except the trustee's account and discharge of bond, together with allowances, as to which it expressly reserved jurisdiction. And it ordered the entire property and assets transferred and delivered to the receivers appointed in the government's tax foreclosure action now pending in the court below. This renders the announced intent to classify quite moot, as the United States suggests. In view of this development the appeal is

Dismissed.